UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert G. Kaiser, | Case No. 2:24-cv-00646-CDS-MDC |
| Plaintiff | **Ordering Defendant to Show Cause** |
| v. | |
| Wells Fargo Clearing Services, LLC, | |
| Defendant | |

This case was removed to this court by defendant Wells Fargo Clearing Services, LLC ("WFCS") under 28 U.S.C. § 1331. ECF No. 1. However, the amended complaint filed by pro se plaintiff Robert Kaiser on June 21, 2024, asserts no federal claims. *See* ECF No. 11. The Ninth Circuit has held that "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (citing *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir. 1994)). Now lacking a federal question, the existence of diversity jurisdiction is not apparent from the face of Kaiser's complaint. The defendant bears the burden of establishing federal subject-matter jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

I.   Legal standard

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are

entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017). However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Diversity jurisdiction requires: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). It is undisputed that there is diversity of citizenship between the parties. Thus, the question is whether the amount in controversy exceeds $75,000 to enable this court to exercise diversity jurisdiction over this action.

## II.     Discussion

A footnote included in the parties' motion to continue the early neutral evaluation session suggests that this court may lack subject-matter jurisdiction because the amount in controversy does not exceed $75,000. *See* Joint Mot., ECF No. 19 at 2, n.1. WFCS contends that the jurisdictional threshold is met because the court is allowed to consider attorney's fees. *Id.* (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (holding attorneys' fees are factored into amount in controversy for purposes of jurisdiction "if the law entitles the plaintiff to future attorneys' fees."). But here, Kaiser is pro se, so the court is not convinced by WFCS' argument. *See, e.g.*, *Crystal Ketchup v. Gruma Corp.*, 2023 WL 2074290, at *3 (C.D. Cal. Feb. 16, 2023) ("Defendant has provided no authority for the proposition that a pro se litigant's attorney's fees count toward the amount in controversy requirement. That is because

they do not: courts unanimously agree that a 'pro se litigant who is not a lawyer is not entitled to attorney's fees.'") (quoting *Kay v. Ehrler*, 499 U.S. 432, 435 (1991)).

### III. Conclusion

Accordingly, defendant Wells Fargo Clearing Services, LLC, is ordered to show cause that this court has jurisdiction over this action on or before September 4, 2024. Kaiser has fourteen days to file a response to WFCS' response to the show-cause order. No reply shall be filed without further order of the court.

Dated: August 21, 2024

_____
Cristina D. Silva
United States District Judge