UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert G. Kaiser,<br><br>    Plaintiff<br><br>v.<br><br>Wells Fargo Clearing Services, LLC,<br><br>    Defendant | Case No. 2:24-cv-00646-CDS-MDC<br><br>**Order Granting Plaintiff Leave to File a Second Amended Complaint** |

This case was removed to this court by defendant Wells Fargo Clearing Services, LLC ("WFCS") under 28 U.S.C. § 1331. ECF No. 1. Plaintiff Robert Kaiser then filed an amended complaint making claims based only in Nevada state law (ECF No. 11) and WFCS moved to dismiss it (ECF No. 12). I therefore ordered WFCS to show cause that this court retained subject matter jurisdiction. ECF No. 20. After reviewing the amendments to the complaint, I found that the amount in controversy exceeded the jurisdictional limit and granted WFCS's motion to dismiss Kaiser's age and disability discrimination claims with prejudice, and his hostile work environment claim without prejudice. ECF No. 31. I also ordered Kaiser to file a notice by January 21, 2025, advising the court (1) whether the Nevada Equal Rights Commission (NERC) had provided him a right-to-sue letter in the time between his filing of his complaint and the date of the order and (2) when he received such notice, if any. *Id.* at 13. On January 21, 2025, Kaiser complied by providing a notice and declaration that he received a right-to-sue letter from NERC on December 12, 2024. ECF No. 32.

I.   Discussion

In an employment action, a plaintiff must administratively exhaust his remedies before filing suit. *See, e.g.*, *You v. Longs Drugs Stores Cal., LLC*, 937 F. Supp. 2d 1237, 1248–49 (D. Haw. 2013). Subject matter jurisdiction is lacking when the plaintiff has not exhausted his administrative

remedies before filing suit. *See Lyons v. England*, 307 F.3d 1092, 1103–04 (9th Cir. 2002). Because I found that Kaiser had not exhausted his administrative remedies and offered no evidence or argument as to why his claim should be excepted from the rule, his hostile work environment claim was dismissed without prejudice. ECF No. 31.

However, it is well established that leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires" and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, I do not find amendment would be futile. Kaiser avers that he received a right to sue letter, ECF No. 32, therefore, he is granted leave to file a second amended complaint setting forth only the allegations related to his hostile work environment claim. Kaiser must attach to his second amended complaint the right-to-sue letter issued by NERC in relation to that administrative proceeding. *See, e.g., Delaney v. Lynwood Unified School Dist.*, 2008 WL 11338726, at *3 (C.D. Cal. Apr. 7, 2008). Kaiser may not bring any new claims or name any new defendants.

## II.    Conclusion

IT IS HEREBY ORDERED that plaintiff Robert Kaiser is granted leave to file a second amended complaint. If Kaiser elects to amend his complaint, it must be filed by February 27, 2025, be titled "Second Amended Complaint," and must include a copy of the NERC right-to-sue letter.

Dated: January 28, 2025

_____
Cristina D. Silva
United States District Judge