**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT G. KAISER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO CLEARING SERVICES, LLC,<br><br>Defendant. | 2:24-cv-00646-CDS-MDC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 38)** |

Plaintiff's *Motion for Leave to File Third Amended Complaint* (ECF No. 38)("Motion") is DENIED. When plaintiff previously sought to amend his complaint, the district judge ordered plaintiff that he "may not bring any new claims or name any new defendants." *01/28/25 Order, ECF No. 33*. The district judge's order was clear and unambiguous. Plaintiff's Motion is denied because his proposed Third Amended Complaint "seeks to add three new defendants – Michael Giavanti, Catherine Nealis and Todd Williams" (*ECF No. 38 at p.1*), which violates the district judge's 01/28/25 Order. Therefore, plaintiff's proposed Third Amended Complaint is improper and will not be allowed. *Brown v. Tromba*, No. 2:17-cv-02396-APG-BNW, 2024 U.S. Dist. LEXIS 127825, at *5 (D. Nev. Mar. 18, 2024) (denying motion to amend where plaintiff sought to add new claims and parties after the court previously instructed plaintiff that he could not amend his complaint to bring in new claims or parties).).

While the Court understands that plaintiff is pro-se, plaintiff remains obligated to follow court orders and is cautioned that failure to obey orders in the future may result in sanctions, including dismissal of the action. *See e.g., See Ferdik v. Bonzelet,* 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order).

//

//

//

//

ACCORDINGLY,

**IT IS ORDERED** Plaintiff's *Motion for leave to File Third Amended Complaint* (ECF No. 38) ("Motion") is **DENIED**.

**IT IS FURTHER ORDERED** that the *Motion for Extension of Time to Respond to Second Amended Complaint* (ECF No. 39) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that the *Motion for Extension of Time to Respond to Motion to Amend* (ECF No. 44) is **DENIED AS MOOT**.

DATED: March 28, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action