UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert G. Kaiser, | Case No. 2:24-cv-00646-CDS-MDC |
| Plaintiff | **Ordering Granting Defendant's Motion to Dismiss** |
| v. | |
| Wells Fargo Clearing Services, LLC, | [ECF No. 41] |
| Defendant | |

Plaintiff Robert Kaiser, proceeding pro se, seeks to recover for disability discrimination, age discrimination, and hostile work environment claims against defendant Wells Fargo Clearing Services, LLC ("WFCS"). Kaiser filed a second amended complaint on February 27, 2025 (ECF No. 34), which WFCS moves to dismiss (ECF No. 41). Kaiser had until April 7, 2025, to respond to the motion[1] but failed to do so. Therefore, I ordered Kaiser to show cause why his complaint should not be dismissed for failure to timely respond to the motion to dismiss. ECF No. 46 (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal of pro se plaintiff's claim for failure to respond to motion to dismiss). In the alternative, if Kaiser intended to continue pursuing his claims, he was ordered to attach his response to WFCS's motion to dismiss to his response to the show-cause order. ECF No. 46 at 2. As of the date of this order, Kaiser has not communicated with the court in any way, so I grant the defendant's unopposed motion to dismiss and close this case.

I. **Legal Standard**

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali*, 46 F.3d at 54 (Ninth

---

[1] *See* ECF No. 42; *see also* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to the motion—other than summary judgment—is fourteen days after service of the motion).

Circuit refusing to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. L.R. 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

## II.    Discussion

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Kaiser's claims against WFCS. Kaiser's failure to respond to the motion to dismiss slows the resolution of this litigation by delaying the briefing schedule, which in turn interferes with the court's ability to manage its docket. *T.G. v. Bd. of Trs.*, 2022 U.S. Dist. LEXIS 133058, *5 (D. Mont. July 6, 2022) ("The Court cannot manage its docket if Plaintiffs do not respond to motions. . . [t]his case [] cannot proceed if Plaintiffs fail to participate."); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[D]ismissal . . . serves the public interest in expeditious resolution of litigation as well as the court's need to manage its docket because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

The third factor also weighs in favor of dismissing Kaiser's claims. There is no apparent risk of prejudice to defendants by dismissing the action at this time; indeed, defendant filed the instant motion to dismiss.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, this factor is not weighty here; the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Here, Kaiser did not file a response opposing the motion, making resolution on the merits difficult, if not impossible. *Cf. Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051, at *17–18 (E.D. Cal. Aug. 17, 2018) ("Although public policy generally favors the resolution of a case on its merits, as here, a defendant's failure to appear and defend against a plaintiff's claims makes a decision on the merits impossible.") (citation omitted). And "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228.

Last, with respect to whether less drastic measures have been considered, the court has determined that dismissal without prejudice is proper here. *See Ash*, 739 F.2d at 496 (noting that dismissal without prejudice is considered a lesser sanction and therefore is a "more easily justified sanction for failure to prosecute"); *see also Childers v. Arpaio*, 2009 WL 3756487 at *2 (D. Ariz., Nov. 5, 2009) (noting that dismissal without prejudice imposed a "less drastic sanction" compared to dismissal with prejudice). Moreover, Kaiser was cautioned that his failure to respond in some way would result in dismissal of his claims. ECF No. 46 at 2. Yet he did nothing. Thus, because dismissal is permitted under the local rules, I grant WFCS's unopposed motion to dismiss.

III.   Conclusion

It is therefore ordered that Wells Fargo Clearing Services' motion to dismiss **[ECF No. 41] is GRANTED**. The Clerk of Court is instructed to enter judgment accordingly and to close this case.

Dated: May 13, 2025

_____
Cristina D. Silva
United States District Judge